Josephine tinker Hart, Justice, dissenting. In my view, the Edwardses were entitled to appeal from the order in question. The order satisfied Rule 2 of the Arkansas Rules of Appellate Procedure — Civil and Rule 54(b) of the Arkansas Rules of Civil Procedure. Rule 2 of the Arkansas Rules of Appellate Procedure-Civil states in part: (a) An appeal may be taken from a circuit court to the Arkansas Supreme Court from: ' ’ " [[Image here]] 2. An order, which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action. Here, the circuit court’s order denied the Edwardses’ motion for custody of M.A.E. and dismissed the Edwardses from the case. It was final as to them inasmuch as it discontinued their action as intervenors. There was no risk of piecemeal litigation— the Edwardses were out of court. Furthermore, I contend that the order satisfied the requirements of Rule 54(b). The circuit court entered a ‘ Rule 54(b) certificate. It stated: Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. 'Civ. P,, that it has determined that there is no just reason for delay of the entry Of a final judgment and that the court has and does’ hereby direct that the judgment shall be a final judgment for all purposes. | ti>Importantly, the majority is simply wrong when it states that the circuit court’s order does not contain factual findings. The certificate refers to the factual findings. contained in the circuit court’s prior order. Specifically, it states: The intervenors, Patricia and Raymond Edwards are hereby dismissed from this case and do not need to appear at any future hearings. This hearing was a final hearing as to the • grandparents’ motion for custody of M.A.E. I am unable to imagine what additional findings are necessary. It appears that the majority is exalting form over substance. I am mindful that this court has somehow conflated the phrase “no just reason for. delay,” which is the plain wording in Rule 54(b), with the phrase “danger of hardship or injustice that could be alleviated by an immediate appeal.” As I pointed out in my dissent in Holbrook v. Healthport, Inc., 2013 Ark. 87, 2013 WL 776240, the latter phrase completely alters the stated intent of the plain wording of the rule, “No just reason for delay” means a party can file an interlocutory appeal, unless the interest of justice weighs against allowing it. Conversely, the required finding that “there must be some danger of hardship or.injustice through delay which would be alleviated by immediate appeal” requires a finding that an interlocutory appeal should be allowed only if an immediate appeal offers a significant advantage — to alleviate thé “danger” of injustice or hardship. The distinction is subtle, but quite significant — it changes the rule from favoring interlocutory appeals to discouraging them. ' . As in Holbrook, the Rule 54(b). certificate does not contain the thaumaturgic words that the majority - apparently requires. Yet, I. contend that it should be obvious that if “justice” is the desired result of making the proper decision with regard to M.A.E., delaying a final decision on one very viable placement option — permanent custody with the Edwardses, along with her siblings — is by definition “injustice.”